UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM A. LENNEAR,

    Plaintiff,

v.                          CASE NO. 6:05-cv-1364-Orl-19JGG

BREVARD COUNTY JAIL,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, confined in a Florida prison and proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A(b), courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:[1]

    (b)     Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

        (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

        (2)     seeks monetary relief from a defendant who is immune from such relief.

---

[1] This review process was implemented in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 90 F.3d 415, 1417 (10th Cir. 1996); *See* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166.

In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Patterson v. Wauwatosa Police Department*, 930 F.Supp. 1293, 1294 (E.D. Wis. 1996). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff alleges that he is being subjected to cruel living conditions at the Brevard County Jail. Specifically, Plaintiff states that he is living in a cell with seventy-five other inmates, and the cell block is made to hold only thirty-two people. According to Plaintiff, the "cell keeps as many [as] 71-72 inmates at all times causeing [sic] fights, spider and bug [sic] are eating inmates up [sic]. My life has been threaten[ed] by other inmates for being to[o] close to there [sic] bunks." (Doc. No. 1 at 9.) Plaintiff seeks monetary compensation for the "pain and suffering this has cause[d] [him]." *Id*. at 10.

Pursuant to 42 U.S.C. § 1997e(a) and (e), a prisoner must satisfy several conditions before pursuing a civil rights complaint:

**(a)   Applicability of administrative remedies**

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

**(e)     Limitation on Recovery**

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Plaintiff's only request for relief is for damages for "pain and suffering," and he has not made any allegation of a physical injury. Under the prevailing law in this Circuit, Plaintiff's failure to allege a prior physical injury precludes his recovery for compensatory or punitive damages. *See Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir.) ("*Harris* I"), *vacated by* 197 F.3d 1059 (11th Cir. 1999) ("*Harris* II"), *and reinstated in relevant part by* 216 F.3d 970 (11th Cir. 2000) ("*Harris* III"), *cert. denied*, 532 U.S. 1065 (2001). In *Harris* I, the appellate court affirmed the district court's dismissal of the plaintiff's claims for compensatory and punitive damages for failure to meet the requirements of § 1997e(e). In light of *Harris* I, it appears that Plaintiff may not recover compensatory or punitive damages for the alleged violation of his constitutional rights. *See Osterback v. Ingram*, No. 00-10558, slip op. at 5-11 (11th Cir. June 7, 2001) (affirming district court's determination that, absent a showing of physical injury, the plaintiff could not recover compensatory or punitive damages for a violation of his First Amendment rights). Therefore, this case must be dismissed under § 1997e(e).[2]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     This case is **DISMISSED**.

---

[2] It appears that the instant complaint is also subject to dismissal because Plaintiff states that he has failed to exhaust his administrative remedies as required by § 1997e(a). *See* Doc. No. 1 at 4.

2. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is **DENIED**.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida this __9th__ day of November, 2005.

*[Signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 11/9
William Lennear